| | | |
|---|---|---|
| JORGE LUIS DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:17-cv-02894-TWP-DML |
| | ) | |
| SHERIFF DOUG COX Sheriff, Johnson County, | ) ) | |
| DAVID LUTZ Former Coroner / Chief Deputy Coroner, | ) ) | |
| JOHN JESSEN Owner and Funeral Director, | ) | |
| KATHLEEN HASH Johnson County IN, attorney, | ) ) | |
| | ) | |
| Defendants. | ) | |

## Entry Dismissing Complaint and Directing Further Proceedings

### I. Filing Fee

The plaintiff's motion for leave to proceed in *forma pauperis*, without prepaying fees or

costs, dkt [3], is **granted**.

### II. Standard of Review

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints

before service on the defendants, and must dismiss the complaint if it is frivolous or malicious,

fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from

such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion.

*Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim,

the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

### III. The Complaint

In this civil action, *pro se* plaintiff Jorge Luis Dean ("Dean") brings claims against Johnson County, Indiana officials and employees, along with a Johnson County funeral director, concerning the disposition of his wife's cremated remains and her real and personal property. Specifically, Dean asks this Court to order the defendants to return all original documentation found inside his deceased wife's home, to "recover" his deceased wife's property and personal effects, and to pay him for his emotional distress.

Dean alleges that he was married to Penny Morgan ("Penny") and that they lived together in Panama from 2008-2009. Penny was the legal guardian of her mother Mary Nell Morgan ("Mary Nell"). Mary Nell died in 2009 and was buried in Panama.

At some point, Penny returned to the United States (without Dean) and was living at 5322 W. Smokey Row Road, in Greenwood, Indiana ("5322 Smokey Row" or "the home"). On March 10, 2010, Johnson County Sheriff Officers conducted a welfare check at the home. Through the window, Officers viewed an extreme amount of flies on the living room floor and in the residence. They forced entry and found human skeletal remains on the floor in the living room. After an

investigation, the remains were identified as Penny's. The Coroner mailed a copy of the autopsy report to Dean on April 20, 2011.

An estate was not opened for either Penny or Mary Nell.

In this action, Dean disagrees with a June 2010 ruling by the Johnson County Superior Court which found that Mary Nell (Penny's mother) was the owner of 5322 Smokey Row. Dean alleges that Penny was the legal owner. The property was transferred pursuant to the laws of intestate distribution to Mary Nell's siblings on June 24, 2011. It appears that the property was ultimately sold at a tax sale (property taxes had not been paid in approximately 6 years). The property was not believed to be of significant value because taxes were owed, the estate had no money or funds to maintain the property and because Penny had died and not been found for months such that extensive expenses would have been incurred in cleaning the property so it could be sold.

The Johnson Superior Court issued an order on July 12, 2010, permitting Sharon Fessler, Penny's sister and Mary Nell's daughter, to obtain tangible personal property from 5322 Smokey Row.

Defendant Kathleen Hash, a Johnson County attorney, is allegedly liable for reporting to the state court that the property was in the name of Mary Nell instead of Penny.

Dean alleges that in 2010, he asked the former coroner of Johnson County, Indiana, defendant David Lutz to mail Dean his original marriage certificate and other items found at 5322 Smokey Row and to send his wife's cremains to Panama.

Dean alleges that on September 29, 2010, the cremains were sent by defendant John Jessen, a funeral director, to Panama. When the cremains arrived they remained at the airport in the

Country of Panama for two years because Dean lacked money to travel to the city to pick them up. Mr. Dean received the cremains on October 22, 2012.

Dean alleges that the Sheriff's Department is liable for a letter written on May 29, 2015, which reported that any items collected by officials from 5322 Smokey Row have been destroyed.

Dean never received his original marriage license and he was informed that a copy of the marriage license should be available from the jurisdiction that issued the license.

### IV. Dismissal of Complaint

Dean's complaint fails to state a claim upon which relief may be granted for the following reasons.

1.      Even giving the complaint liberal construction, the Court cannot discern within it any plausible federal claim against any defendant. There is no factual basis upon which this Court could conclude that any of the defendants were responsible for violating any of Dean's federally secured rights.

2.      Even if the complaint stated a claim for a violation of a federal right, the circumstances in the complaint are based on events which occurred in 2010. In Indiana, the applicable statute of limitations period for personal-injury claims and claims brought pursuant to 42 U.S.C. § 1983 is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. This action was filed in the Northern District of Indiana on August 4, 2017, years after the expiration of Indiana's 2-year statute of limitations. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v.*

*Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).

3. In addition, this civil action cannot be used to challenge a state court ruling. This Court has no authority to dismiss, review, or otherwise interfere with the state court rulings challenged in this case. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions.").

4. Finally, to the extent Dean claims that state actors deprived him of his personal property, he must pursue his claim for relief under Indiana state law. The Supreme Court has explained: "For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Indiana's Tort Claims Act (Ind. Code § 34-13-3-1, et seq.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress the alleged taking of Dean's property. *See Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Any property deprivation claim must therefore be dismissed.

Because no federal claim has been identified, the events that form the basis of this civil action occurred in 2010, and because this civil action cannot be used to challenge a state court ruling, the complaint is dismissed for failure to state a claim upon which relief may be granted.

## V. Opportunity to Show Cause

Dean shall have **through September 26, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

Date: 8/29/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JORGE LUIS DEAN
Villa del Paseo 3540
Fraccionamiento Villas de la Republica
Mexicali Baja California 21395
Mexico