UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JORGE LUIS DEAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:17-cv-02894-TWP-DML |
| SHERIFF DOUG COX Sheriff, Johnson County, DAVID LUTZ Former Coroner / Chief Deputy Coroner, JOHN JESSEN Owner and Funeral Director, KATHLEEN HASH Johnson County IN, attorney, | ) |
| Defendants. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Plaintiff Jorge Luis Dean ("Mr. Dean") filed this action in federal court against Defendants Sheriff Doug Cox Sheriff, Johnson County, David Lutz Former Coroner / Chief Deputy Coroner, John Jessen Owner and Funeral Director, and Kathleen Hash, a Johnson County Indiana, attorney (collectively the Defendants"). In the Entry of August 29, 2017, Mr. Dean was given a period of time to show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted. The Court informed Mr. Dean that dismissal was warranted for three reasons: 1) no federal claim has been identified, 2) the events that form the basis of this civil action occurred in 2010 and in Indiana, the applicable statute of limitations period for personal-injury claims and claims brought pursuant to 42 U.S.C. § 1983 is two years, and 3) his civil action in federal court cannot be used to challenge a state court ruling.

1

Mr. Dean responded in a 30-page brief filed October 13, 2017, (dkt. 11). His response reiterates that the Defendants acted unprofessionally and mislead him regarding their intentions to deliver his wife Penny Morgan's cremains, personal property and marriage certificate. He argues that he should have been consulted in the state court proceedings and that he was unable to protect his rights in the Indiana state courts because he is a citizen of Panama and has never lived in the United States. He argues that he should have been advised regarding how to claim Penny Morgan's property after her death. Further, Mr. Dean claims that his rights as a spouse of a United States' citizen were violated. He seeks $500,000.00, and the return of his original marriage license so that it can be recorded in Panama.

Mr. Dean's response does not contradict any of the holdings in the Entry of August 29, 2017. First, Mr. Dean's response does not provide a basis to conclude that the complaint states any plausible federal claim against any defendant. Quite simply, there are no facts upon which to conclude that any of the individual defendants named in this lawsuit were responsible for violating Dean's federally secured rights.

Second, even if the complaint stated a claim for a violation of a federal right, the circumstances in the complaint are based on events which occurred in 2010. In Indiana, the applicable statute of limitations period for personal-injury claims and claims brought pursuant to 42 U.S.C. § 1983 is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. This action was filed in the Northern District of Indiana on August 4, 2017, several years after the expiration of Indiana's 2-year statute of limitations. Mr. Dean's response does not provide any plausible basis to conclude that this action should not be barred by the statute of limitations.

Third, this Court continues to have no authority to dismiss, review, or otherwise interfere with the state court rulings challenged in this case. This is true even if those rulings interfered with Mr. Dean's rights as a spouse of a United States' citizen. *See In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (observing that as a general matter, federal courts lack authority to "control or interfere with state court litigation"); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions.").

In conclusion, because no federal claim has been identified, the events that form the basis of this civil action occurred in 2010, and because this civil action cannot be used to challenge a state court ruling, the complaint is dismissed for failure to state a claim upon which relief may be **granted**. The dismissal of the complaint shall now result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e). Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 12/7/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JORGE LUIS DEAN
Villa del Paseo 3540
Fraccionamiento Villas de la Republica
Mexicali Baja California 21395
Mexico